# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1904

---

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH MILLER, PLAINTIFF IN ERROR.

Argued December 2, 1904—Decided March 6, 1905.

1. One convicted of crime sued out a writ of error to review the judgment of conviction, and procured the return with the writ, not only of bills of exceptions, but of the entire record of the proceedings at the trial, as permitted by section 136 of the Criminal Procedure act of 1898. He assigned errors, but did not file or serve any specification of causes for relief or reversal, as required by section 137 of that act. *Held*, that upon the objection of the representative of the state, the plaintiff in error must be confined to his bills of exceptions and the assignments thereon.

2. It was not erroneous to admit evidence that the accused, on the night in question, was not present at a meeting, a series of which meetings was being held nightly and which he usually attended, there being evidence that he left the house of his employer, which was not far distant from the scene of the crime, at a time which would have permitted him to go there.

3. It was not erroneous to permit the physician of the jail in which the accused was confined, to testify to wounds observed by him on the back of the hands of the accused, although he also testified that he had the accused removed to a room in another

part of the jail and divested of his clothing. The observation made by the witness of the wounds on the hands and testified to by him, was in no sense a compelling of the accused to be a witness against himself. If the removal of the clothes had been forcible, and the wounds had been thus exposed, it seems that the evidence of their character and appearance would not have been objectionable.

4. It was not erroneous to permit evidence of the coincidence between the hand of the accused and a bloody print of a hand upon the wall of the house where the crime was committed, the hand of the accused having been placed thereon at the request of persons who were with him in that house.

5. It was not erroneous to permit evidence of the resemblance between spots upon the clothing produced and spots which had been cut from the same clothing, and used by experts in determining whether they were spots of blood.

On error to the Passaic Oyer and Terminer.

For the plaintiff in error, *Isadore Klenert.*

For the state, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. This writ of error brings up for review the conviction of plaintiff in error of the crime of murder in the first degree.

The plaintiff in error has procured the return with the writ of error of the entire record of the proceedings at the trial in the manner permitted by section 136 of the Criminal Procedure act of 1898. *Pamph. L., p.* 866.

There were also returned therewith bills of exceptions.

Plaintiff in error has assigned errors of which some are founded on exceptions shown in said bills and others are not so founded. He has not filed any specification of causes for relief or reversal, nor has he made it appear that he has served any such specification upon the attorney-general, or the prosecutor of the pleas, as he is required to do by section 137 of the act above cited.

The prosecutor of the pleas, upon the argument, objected to our consideration of any questions presented upon the

record of the proceedings at the trial under section 136, because no causes for relief or reversal were specified or served as required by section 137, and he insisted that plaintiff in error should be confined to his bills of exception and the assignments of error thereon as prescribed by the latter section.

In the case of *State* v. *Young,* 38 *Vroom* 223, this court had before it a similar judgment of conviction, brought up by a writ of error, with bills of exception and the entire record of the proceedings at the trial. The plaintiff in error had assigned errors, but had failed to file or serve specifications. The omission was pointed out, with a *quære* whether under such circumstances the court was required to review any matters except such as were presented by the assignments of error. But because no objection had been interposed to the consideration of the whole matter, and the question suggested had not been argued, and because of the importance of the case to the plaintiff in error, we deemed it best to consider his case in all its aspects.

In the case before us now, upon the objection of the prosecutor of the pleas, we feel bound to declare that plaintiff in error cannot require us to review any matters except those presented by the bills of exception and the assignments of error thereon. To obtain a review of other matters under section 136 the plaintiff in error must specify the causes relied on and serve such specifications upon the representative of the state, as required by section 137. *State* v. *Shutts,* 40 *Vroom* 206.

The first assignment of error is founded on an exception to the admission of a question addressed to one Lewis, who had, without objection, testified that he was a licensed preacher of the African M. E. Church, having charge of the services of the church in Pompton, near the scene of the homicide; that he had been holding extra services every night for nearly three weeks previous to the time of the homicide; that plaintiff in error had been attending these services quite regularly, but that the witness had noticed his absence from the meetings. The question then put was: "How fre-

quently was he absent?" Objection was interposed to the question as immaterial and irrelevant. It was admitted and this exception allowed.

We think the question was properly admitted. In the absence of direct proof of the presence of plaintiff in error at the scene of the homicide (of which there was none) it was material for the state to show his whereabouts at the time, at least to the extent of justifying an inference that he might have been at that place. There was proof that plaintiff in error left the house of his employer about nine o'clock of the night in question, apparently to go to the barn, to a room in which he slept, and that the house at which the homicide was committed at some time in the early part of that night was not far distant. Proof that plaintiff in error was absent on that night from the services which he had been attending with regularity, was competent in the same line. The question was adapted to elicit that fact, and the answer to the question disclosed that the accused was absent on the night in question from his accustomed place. This, if believed, excluded any inference that when he had left his employer's house he had gone to the night meeting.

The second assignment of error is directed to the admission of evidence from the county physician, respecting his examination of the body of the accused while in the jail.

The exception on which the assignment is said to be founded is thus shown in the bill of exceptions. The witness had testified that he had noticed particular marks upon the person of the accused, and he was then asked "to describe that." He answered that he went to the jail to examine the body of the accused. Thereupon counsel for plaintiff in error interposed an objection to the question. It was overruled and the exception allowed. It will be observed that the objection was not made when the question was asked, but only after the witness had commenced his answer thereto, and then no reason was presented why the question was claimed to be inadmissible.

But it is argued here that the witness, by his answer, so far

as given when the objection was interposed, had clearly indicated that the purpose of the question was to elicit the result of witness' observation obtained by an examination of the body of plaintiff in error while in the jail, and that, if a question with that purpose was inadmissible, the objection must have been deemed by the trial judge to have been made upon that ground, and so to be reviewable.

It is further argued that the next answer of the witness, after the objection was overruled, should be considered, and that we should determine the admissibility of the question in the light of the purpose disclosed by the commenced and by the subsequent answer. The claim seems to be that, upon the objection, the prosecutor should have opened the purpose for which the evidence was offered, and that had he done so the objection to the question would have been shown to be tenable. Assuming, without deciding, that the question thus argued is brought within our consideration, we have given it attention. The witness, in response to the question, testified that he had the plaintiff in error removed to a room in the upper part of the jail, and divested of his clothes, and he thereupon made an examination of his person, with the result that he discovered two superficial wounds, one on the back of each hand, which wounds he described.

The argument is that by this course of procedure plaintiff in error was compelled, in a criminal case, to be a witness against himself, in violation of one clause of the fifth amendment to the constitution of the United States. Some of the provisions of that amendment have been adopted in the constitution of this state. The particular provision supposed to be infringed by this course of procedure has not been included in our constitution.

It has been frequently held that the first ten amendments to the constitution of the United States are inapplicable as prohibitions upon the states, but are applicable alone to the federal government and its courts and officers. Such was the view taken in our Supreme Court, in a case involving the applicability of this clause to the admission in evidence

of papers discovered upon the person of an accused when searched by the officers who had arrested him. *State* v. *Mac-Queen*, 40 *Vroom* 522. From the case of *Banour* v. *Baltimore*, 7 *Pet.* 243, such has been the current of decisions in the Supreme Court of the United States.

The contention made in *Spies* v. *Illinois*, 123 *U. S.* 131, to the effect that since the fourteenth amendment to the constitution of the United States has placed a limitation on the power of the states to abridge the immunities of any citizen of the United States, the first ten amendments, so far as they secure fundamental rights of the individual man, are thereby made applicable to secure the same against any abridgment thereof by the states in respect to citizens of the United States, was not dealt with by the court, because an examination of the record before it disclosed that no federal question was presented. The contention was again made in *Maxwell* v. *Dow*, 176 *Id.* 581, but without success; Mr. Justice Peckham, who spoke for the court, pointing out that the contrary view had been declared in *Hurtado* v. *California*, 110 *Id.* 516. See, also, *Mason* v. *Missouri*, 179 *Id.* 328; *Brown* v. *New Jersey*, 175 *Id.* 172.

But, although the clause of the fifth amendment of the constitution of the United States relied on by counsel is not applicable to our criminal procedure, and we have not deemed it necessary to adopt it in our constitution, yet the doctrine of the clause, so far as it expresses the rule of the common law as we have adopted it, is the rule of our courts in the admission of evidence in criminal cases. It has been declared in this court that the doctrine of the common law in that respect has full force, and that no person can be compelled to be a witness against himself. *State* v. *Zdanowicz*, 40 *Vroom* 619. But we recognize the admissibility of voluntary confessions or admissions by the accused, taking care that they have not been induced by threats or by direct or implied promises. *Roesel* v. *State*, 33 *Id.* 216. But when an accused waives the privilege afforded by this rule and offers himself as a witness in his own behalf, he may be cross-examined like other witnesses. *State* v. *Zdanowicz, ubi supra.*

But none of the objections against the admission of testimony of an accused, extorted by compulsion, can reasonably be applied to evidence elicited from witnesses who have observed the accused and merely testify to the results of their observation.   It is a fair inference, from the testimony in this case, that the wounds on the back of the hands of plaintiff in error could have been observed by the physician without removing the clothing.   Evidence of the results of such observation is not prohibited, either by the language of the constitutional clause appealed to or by the common law.   It is not evidence which the accused has given or has been compelled to give.   In respect to such observations, the accused is not made a witness against himself.   That was all the evidence which was in fact produced, and we do not think it can be rendered incompetent because the witness who testified had, in his anxiety to make further observations, compelled the accused to submit to be divested of his clothing and examined for other wounds.

Nor do we desire to be understood as conceding that if the physician had rendered himself liable to an action for damages for illegally removing the clothing of a prisoner, and thereby enabling him to observe a wound on the person which had been concealed, that the testimony of his observation would have been inadmissible.   If the wound were upon the face or hand, or a part of his person exposed to common view, it would be absurd to say that testimony of what the wound presented to common observation was compelling a person on whom the wound was to be a witness against himself.   I think it is equally absurd to say that the testimony of the observation of a wound in any part of the body, although obtained by a forcible removal of what concealed it, is to be rejected as produced by compelling a person to be a witness against himself.   There are cases which carry the protection of the accused under such constitutional restrictions to an extent which seems unwarranted.   The whole subject is discussed in the prevailing opinion in the case of *State* v. *Ah Chuey*, 114 *Nev.* 79, in which the action of the trial judge

in compelling a defendant, on trial on an indictment, to expose his arm and admitted evidence in respect to certain tatooed marks thereon, was under review.

But in this case there is nothing whatever to indicate that plaintiff in error objected to the removal of his clothing and the examination of his person. So far as appears, it was entirely voluntary on his part.

The third assignment of error is intended to question the admissibility of evidence, which may be thus stated: In the house where the homicide took place, there was, upon the wall of one of the rooms, an imprint of a bloody hand. Before the plaintiff in error was arrested he accompanied some of the peace officers to this house, and in the room where the print was he was asked to place his hand upon the bloody mark, which he did. Testimony as to the comparison of the hand with the mark was offered and objected to. We see no possible ground for excluding such evidence. The request to place his hand upon the mark was voluntarily complied with by the accused, and bystanders were competent to express an opinion as to coincidence between the outline of the hand and of the print. It may be added that a section of the wall containing the print was produced before the jury, and the testimony of such comparison was like that held to be proper in the case of *Johnson* v. *State,* 30 *Vroom* 271; *S. C., Id.* 535, where the prints of the shoes of the accused were made in sand before the jury, and witnesses who had observed prints in the sand at the place of the fatal struggle were permitted to compare them with what they had observed at that place.

The fourth assignment of error is not supported by any exception, and the matter of objection disclosed in the argument does not indicate any error.

The fifth assignment of error relates to the admission in evidence of various statements of the prisoner made before and after his arrest. Those made before his arrest, we think, are clearly admissible. Those made after the arrest were not admitted until the trial judge had, upon evidence, found

as a fact that they were voluntarily given, and as there was evidence to support that conclusion the admission is not reviewable.

There are several assignments of error relating to the admission in evidence of clothes taken from the prisoner, the razor found in his room and the section of the wall on which was the imprint of a bloody hand, but there was proof in respect to each that rendered them proper to be presented as evidence before the jury.

Two of the remaining assignments of error are presented to the admission of evidence of a comparison by witnesses of spots upon the clothing of the accused with spots that had appeared upon portions of the clothing which had been cut off and used by experts in attempting to determine whether they were spotted with blood. Evidence of comparison between two things capable of being presented to the jury, and of which, upon presentation, the jury could judge as well as a witness, would, of course, be objectionable. Such evidence would not be in any sense expert or opinion evidence. But the comparison in this case was made between specimens which had been destroyed in the examination by the experts and could not be presented to the jury. The question was therefore as to the comparison between that which had been observed by the witness but was incapable of being presented for the observation of the jury. We do not doubt that it was entirely admissible to present that evidence. It is similar to the admission of the evidence of witnesses in the case of *Johnson* v. *State, ubi supra,* respecting the comparison between prints in the sand which witnesses had observed at the place of the fatal struggle, and which had been obliterated at the time of the trial, and the prints made before the jury.

There are no other assignments of error supported by any bills of exceptions, nor do we observe in any of them any matter asserted that, if specified as cause for relief or reversal, would indicate that any wrong or injury was done to plaintiff in error in the trial of his case.

The result is that the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY. 13.

*For reversal*—None.