THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
EDWARD SAVAGE, PLAINTIFF IN ERROR.

Argued April 14, 1910—Decided June 20, 1910.

Where the record presented to the court upon a strict return to a
writ of error, to review the conviction of defendant for homicide,
shows that when arraigned he refused to plead, and that the
court thereupon ordered a plea of not guilty to be entered in his
behalf—*Held*, proper under the fifty-eighth section of the Criminal
Procedure act which provides for entering such plea "where any
person indicted as aforesaid shall refuse to plead or answer to
such indictment."

On error to Hudson County Oyer and Terminer.

For the state, *Pierre P. Garren*, prosecutor of the pleas.

For the defendant, *James D. Manning, Herbert E. Davis*
and *Traverse A. Spraggins.*

The opinion of the court was delivered by

MINTURN, J. This defendant having been indicted by the
grand jury of Hudson county for the crime of murder, and
being called upon to plead before the Oyer, according to the
record before us, refused to answer or plead, whereupon the
court ordered that a plea of not guilty be entered, and upon
that plea he was subsequently tried and convicted of murder
in the first degree.

The record before us upon this writ of error presents a
strict return to the writ, and not a certified case in conformity
with the one hundred and thirty-sixth section of the act regu-
lating proceedings in criminal cases (*Pamph. L.* 1898, *p.*
915), so that the inquiry presented here is not whether in the
language of that section "the plaintiff in error, on the trial
below, suffered manifest wrong or injury," but whether the
record by the bill of exceptions properly and sufficiently pre-
sents the questions argued by counsel.

An inspection of the record requires a negative answer to this inquiry, for we find no bill of exceptions; and where an exception was taken it is not signed and sealed so as to be the proper subject of consideration by this court. *Pickett* v. *United States,* 216 *U. S.* 456; *Storm* v. *United States,* 94 *Id.* 76.

Nevertheless, *in favorem vitae* we have considered the questions raised by defendant's counsel upon these exceptions, as though they had been properly presented for our consideration.

It is alleged as error for reversal that the defendant, when called upon to plead, stood mute, and that thereby the duty was imposed upon the court not of trying the question of his guilt under the indictment, but of ascertaining in the language of the fifty-eighth section of the Criminal Procedure act whether he "standeth mute obstinately and on purpose or by the providence and act of God." This statute is a reflection of the common law as outlined by Blackstone, which, he informs us, provided that "If he (the prisoner) says nothing, the court ought *ex officio* to impanel a jury to inquire whether he stands obstinately mute, or whether he be dumb *ex visitatione Dei*." 4 *Bl. Com.* 324. This procedure was subsequently enacted into English law, from which we doubtless have enacted it as part of our statute law. *Stat.* 7 & 8 *Geo. IV., ch.* 28. A recital of the history and application of this interesting chapter of English criminal law will serve no useful purpose at this time, but a perusal of the following cases will elucidate its application here: 21 *Am. & Eng. Encycl. L.* 240; *State* v. *Ward,* 48 *Ark.* 36; *United States* v. *Borger,* 19 *Blatchf.* 249. It will suffice here to say that this record presents the defendant not as standing mute, but as refusing to plead to the indictment, whereupon the court ordered a plea of not guilty to be entered under the concluding provision of the fifty-eighth section of the Criminal Procedure act, viz.: "Where the person indicted as aforesaid shall refuse to plead or answer such indictment."

The *status* of the defendant before the trial court, so far as this record informs us, by which we are limited in our con-

sideration of the question, is that of a prisoner who refused to plead, and the court therefore properly ordered a plea of not guilty entered in his behalf.

The remaining errors alleged for reversal are those of trial procedure. Dr. Kinley, for the state, made an examination of the defendant during his confinement in the county jail, and it was objected that as this examination was made without the defendant's consent, it was involuntary, and could not have been legally ordered. For aught that appears in the case, excepting the inference which may be drawn from the physician's testimony, the examination was a necessary precaution to the trial of the defendant, for the purpose of properly informing the state as to the mental condition of the defendant, before the trouble and expense of a trial would be undertaken; and from this aspect it was a perfectly proper proceeding upon the part of the prosecutor and has received judicial approval in *State* v. *Miller*, 42 *Vroom* 527. But here again we find the record absolutely destitute of a single exception upon which the subject can be legally presented for our consideration.

The same may be said of the objection taken to the testimony of Lee Thompson, the admission of which furnishes defendant with another objection, upon the ground that the testimony admitted bore no relation to the question at issue. The court, upon defendant's objection, decided to admit the testimony "for the present," the purpose of the court doubtless being to strike it out upon proper motion unless subsequently connected with the question at issue. We must assume that it was thus connected and made to bear some relation to the *corpus delicti*, because nowhere in the record does it appear that the defendant subsequently adverted to it, or, as would have been his proper course, moved to strike it out upon the ground that it had not been connected and was therefore irrelevant. The court's refusal to do so would have furnished the basis for a bill of exceptions, but no exception of any kind appears in the record upon this question, and we must assume, therefore, that it was properly admitted.

Other questions mooted at the trial were discussed in the prosecutor's brief, but are not referred to in the defendant's

brief. Nevertheless our consideration of them leads us to the conclusion that they are without merit or substance, even if they had been properly presented by exception upon a record otherwise complete.

No error appearing in the record, the judgment of conviction is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 15.

*For reversal*—None.