PEOPLE *v.* CHIMOVITZ.

1. ARSON—CRIMINAL LAW—STATUTES—CONSTRUCTION — CONSTITU-
TIONAL LAW—DUE PROCESS.

   3 Comp. Laws 1915, § 15286, providing for the punishment of any person who shall set fire to any building owned by himself or another or procure same to be done, should be construed as intended to apply to acts done wilfully and maliciously, and, so construed, does not offend against the due-process clause of the Constitution by making criminal innocent and rightful acts.

2. SAME—"OFFENSES" SYNONYMOUS WITH "CRIMES."

   As used in the title to chapter 257, 3 Comp. Laws 1915, the chapter in which section 15286 is found, "offenses against property," the word "offenses" is synonymous with "crimes," and means acts done wickedly and against the law.

[1]Arson, 5 C. J. § 2 (Anno); Constitutional Law, 12 C. J. § 971; Criminal Law, 16 C. J. § 42; [2]Offense, 29 Cyc. p. 1352.

3. CRIMINAL LAW — EVIDENCE — UNREASONABLE SEARCHES AND SEIZURES—CONSTITUTIONAL LAW.

In a prosecution for setting a building on fire in violation of 3 Comp. Laws 1915, § 15286, evidence in the shape of material seemingly provided for a fire, which was seized by officers who were rightfully in the building for the purpose of putting out the fire was admissible; it not having been obtained in violation of the constitutional inhibition against unreasonable search and seizure.

4. SAME—EVIDENCE—EXPERIMENTS—FINGER-PRINTING—DISCRETION OF COURT.

Experiments in finger-printing, made for the purpose of giving greater clearness and certainty to the evidence on that subject, are within the discretion of the trial court, and in the absence of a showing of abuse, the exercise of said discretion will not be disturbed, on error.

5. SAME—REOPENING CASE WITHIN DISCRETION OF COURT.

Permitting the reopening of the people's case and receiving further evidence after the people had rested and a motion for directed verdict had been made, was within the discretion of the trial court, and, in the absence of a showing of abuse the exercise of said discretion will not be disturbed, on error.

6. SAME—EVIDENCE AT PRELIMINARY EXAMINATION SUFFICIENT.
The evidence adduced at the preliminary examination, *held*, sufficient to warrant holding defendant to trial.

7. ARSON—SUFFICIENCY OF EVIDENCE.
Evidence of defendant's guilt, *held*, sufficient to make a case for the jury.

8. SAME—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
Verdict of guilty *held*, not against the great weight of the evidence.

Exceptions before judgment from Genesee; Black (Edward D.), J. Submitted October 14, 1926. (Docket No. 111.) Decided January 3, 1927.

Louis Chimovitz was convicted of arson. Affirmed.

³Criminal Law, 16 C. J. § 1110; ⁴Id., 16 C. J. § 2056; 17 C. J. § 3579; 8 A. L. R. 24; 16 A. L. R. 370; 10 R. C. L. 1000, 1001; 2 R. C. L. Supp. 1131; 4 R. C. L. Supp. 685; 6 R. C. L. Supp. 633; ⁵Id., 16 C. J. § 2191;· 17 C. J. § 3583; ⁶Id., 16 C. J. § 599; ⁷Arson, 5 C. J. § 73; ⁸Id., 5 C. J. § 63; Criminal Law, 17 C. J. § 3593.

*Harry G. Gault, Hugh N. Parker,* and *Roy E. Brownell,* for appellant.

*Andrew B. Dougherty,* Attorney General, *William R. Roberts,* Prosecuting Attorney, and *Charles D. Beagle,* Assistant Prosecuting Attorney, for the people.

CLARK, J.    The information follows and is based upon section 15286, 3 Comp. Laws 1915:

"Every person who shall set fire to any building mentioned in the preceding sections or to any other material with intent to cause any such building to be burned, or shall, by any other means or by soliciting any other person, attempt to cause any such building to be burned, whether such building is owned or occupied by himself or herself or by another, shall be punished by imprisonment in the State prison not more than fifteen years, or in the county jail not more than one year, or by fine not exceeding one thousand dollars."

Defendant and another owned and kept a store in Flint.    Above it several families lived.    Near and adjoining it were buildings used and occupied by others.    Defendant locked and left the store about 10 o'clock at night.    Near 1 o'clock following, a police officer observed smoke in the store.    He called defendant, who came soon thereafter, but without keys. He went for them, and, returning, the store was opened.    Defendant entered followed by police officers. Whether the officers entered with or without permission is disputed.    In the back part of the store the officers found on the floor eight glass jars containing gasoline and kerosene, and about them ashes, fire, paper, waste and burned matches.    There was a charred spot in the floor.    The smoldering fire was extinguished.    Defendant was convicted.    On exceptions before sentence he presents many questions. We will discuss some of them.

1. That the statute, quoted, places unreasonable re-

strictions on the use of private property and therefore contravenes the due process clause of the Constitution. Counsel argue that the statute would make criminal innocent and rightful acts, such as the burning by the owner of a worthless building far removed from others, other buildings, and from possibility of harm to any one. The title of the chapter in which the section is found is "Offenses against Property." *State* v. *Hurd*, 51 N. H. 176. "Offense" is here synonymous with "crime." It means an act done wickedly and against the law. The statute is aimed at no act of innocence. *People* v. *Sigers*, 217 Mich. 578. It is intended to apply to acts wilful and malicious. In 2 Lewis' Sutherland, Statutory Construction (2d Ed.), 741, it is said:

"The general terms of a statute are subject to implied exceptions founded on the rules of public policy, and the maxims of natural justice, so as to avoid absurd and unjust consequences."

And see cases there cited. So construed, the statute does not offend the Constitution.

"2. The search and seizure made by police officers in respondent's store were contrary to the provisions of section 10 of article 2 of the Constitution of the State of Michigan, thereby rendering their testimony incompetent at the preliminary examination and at the trial."

The officers did not need a search warrant to enter to put out a fire. With or without permission, they were rightfully in the store, and, being so there, they made observations; they saw and took the materials seemingly provided for a fire; all of which were properly received in evidence, having been had without violating the provision of the Constitution. See *People* v. *Chomis*, 223 Mich. 289, and *People* v. *Woodward*, 220 Mich. 511, which answer the contention of defendant.

3. That the court erred in permitting an experiment in finger-printing. Finger prints were found on the glass jars. Evidence of the correspondence of finger-print impressions was introduced to connect the accused with the crime. The expert was permitted in court to pair finger-prints of the jurors, properly taken and developed, for the purpose of illustrating and demonstrating the methods of the system of finger-print identification. The rule is stated in *People* v. *Auerbach,* 176 Mich. 23, 45 (Ann. Cas. 1915B, 557) :

"The weight of authority seems to be that it is within the judicial discretion of the trial court whether to permit experiments relevant to the issue to be made before the jury during the trial, or to refuse to permit them, and an appellate court should decline to interfere with the ruling unless an abuse of its judicial discretion is clearly made to appear."

And the matter of evidence by experiment is discussed at length in *Smith* v. *Insurance Co.,* 234 Mich. 119. In *Moon* v. *State,* 22 Ariz. 418 (198 Pac. 288, 16 A. L, R. 362), the same experiment was made as in the case at bar and it was held that permitting it was not error. The purpose and the tendency of the experiment were to give to the evidence of finger-printing greater clearness and certainty. But that, it seems, is the purpose of experiments respecting evidence. It is not made to appear that the court abused its judicial discretion in permitting the experiment, hence, error is not found.

4. After the people had rested and a motion for directed verdict had been made, the court permitted the reopening of the people's case and received further evidence. This, too, the court might do in the exercise of a sound discretion. We do not find an abuse of discretion. *People* v. *Blake,* 157 Mich. 533.

5. The evidence adduced at the preliminary examination was sufficient to support holding the accused to trial. The evidence received in the trial court made

a case for the jury and its verdict is not against the great weight of the evidence.

A discussion of other questions, which have been considered, would not be profitable.

The accused has been defended diligently by able counsel.    He has had a fair trial.    We find no reversible error.

Exceptions overruled and judgment advised.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Wiest, and McDonald, JJ., concurred.