## PEOPLE *v.* DAVIS

1. ARREST—DETENTION—VALIDITY—NOLLE PROSEQUI.
   A criminal case concluded by the filing and acceptance of a *nolle prosequi* does not affect the validity of an arrest and detention in that case.

2. CRIMINAL LAW—EVIDENCE—FINGERPRINTS.
   Fingerprints are a matter of identification, like a man's name, height, eye color, and physiognomy, and are subject to non-custodial police inquiry, report, and preservation when reasonable investigation requires, even though probable cause for arrest may not exist at the moment.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 December 5, 1968, at Lansing. (Docket No. 4,497.) Decided December 19, 1968. Rehearing denied June 23, 1969. Leave to appeal denied September 17, 1969. See 382 Mich 783.

Robert C. Davis was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*I. Goodman Cohen,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 512, 513.
[2] 21 Am Jur 2d, Criminal Law § 369.
Right to take finger prints and photographs of accused before trial, or to retain same in police record after acquittal or discharge of accused. 83 ALR 127.

BEFORE: T. G. Kavanagh, P. J.,* and Quinn and A. C. Miller,** JJ.

## On Application for Rehearing

Per Curiam. This is a belated request for a rehearing of the December 19, 1968, decision of this Court[1] based on the ruling of the United States Supreme Court rendered April 22, 1969, in the case of *Davis* v. *Mississippi*, 394 US 721 (89 S Ct 1394, 22 L Ed 2d 676). In both cases fingerprint identification evidence was crucial. In both cases the fingerprint record of the defendant was originally procured through an earlier detention, but the similarity terminates at this point. In the Mississippi case the detention was part of a dragnet. In the Michigan case it was the result of an arrest on another charge in another county, which was not questioned. While that charge was concluded by the filing and acceptance of a *nolle prosequi,* this does not affect the validity of the detention. Furthermore, fingerprints are matters of identification and not incrimination. No testimonial or communicative features are involved. *Schmerber* v. *California* (1966), 384 US 757 (86 S Ct 1826, 16 L Ed 2d 908). Fingerprints, like a man's name, height, color of his eyes, and physiognomy, are subject to non-custodial police inquiry, report, and preservation when reasonable investigation requires, even though probable cause for arrest may not exist at the moment. *United States* v. *Bonanno* (SD NY, 1960) 180 F Supp 71.

Request for rehearing denied.

---

* Now a Justice of the Supreme Court, Justice T. G. Kavanagh did not participate in this opinion.
** Circuit Judge, sitting on the Court of Appeals by assignment.
[1] *People* v. *Davis* (1968), 14 Mich App 757.