PEOPLE v DAVIS

Docket No. 78-2098. Submitted January 3, 1979, at Detroit.—Decided
    April 16, 1979.

Esau Davis was convicted, on his plea of guilty, of breaking and
    entering a motor vehicle with the intent to steal property
    valued over five dollars, Recorder's Court of Detroit, James Del
    Rio, J. Subsequently, a supplemental information was filed
    charging the defendant as an habitual offender. The defendant
    was convicted as an habitual offender and was given a supple-
    mental prison sentence. The defendant appeals, alleging 1) that
    his guilty plea must be reversed because the trial court failed
    to inform him specifically of his right to court appointed
    counsel throughout the entire criminal proceeding in the event
    of his indigency, 2) that an in-court fingerprinting of the
    defendant constituted unfair surprise and did not allow defense
    counsel adequate time to prepare for cross-examination, and 3)
    that it was error to allow two convictions for attempted larceny
    in a building to be considered as prior felony convictions since
    they are misdemeanors. *Held:*

    1. There was no need for the trial court to inform the

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 82.
    21 Am Jur 2d, Criminal Law §§ 313, 314, 317.
    Accuseds' right to counsel under the Federal constitution—Supreme
        Court cases. 18 L Ed 2d 1420.
    Duty to advise accused as to right to assistance of counsel. 3 ALR2d
        1003.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 368, 369.
    Fingerprints, palm prints, or bare footprints as evidence. 28 ALR2d
        1115.
[4, 6-9] 21 Am Jur 2d, Criminal Law §§ 18, 19.
    50 Am Jur 2d, Larceny §§ 49, 56.
[5] 73 Am Jur 2d, Statutes §§ 42, 103, 155, 156.
[6-9] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    § 15.
    Determination of character of former crime as a felony, so as to
        warrant punishment of an accused as a second offender. 19
        ALR2d 227.
[9] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

defendant of his rights at each proceeding after the arraignment since the defendant appeared with counsel.

2. The in-court fingerprinting was a proper exercise of discretion because the question of identity was relevant.

3. Under the habitual offender statute all convictions for attempts to commit felonies are viewed as felony convictions even though the attempt crime itself may be only a misdemeanor.

Affirmed.

N. J. KAUFMAN, P.J., concurred. He is of the opinion that since attempted larceny in a building may be punished by two years in prison, it is a felony under the definition of "felony" in the Code of Criminal Procedure, and, therefore, a prior conviction for attempted larceny in a building may be used to support a conviction under the habitual offender statute. He is also of the opinion that the language of the habitual offender statute requires the conclusion that all attempts to commit felonies, whether themselves misdemeanors or felonies, are covered by the statute.

T. M. BURNS, J., concurred. He agrees that the defendant's two prior convictions for attempted larceny in a building fall within the habitual offender statute and may be used to augment punishment in this case. He adds, however, that he questions the wisdom of the prosecutor in using the statute this way in this particular case because very little protection is afforded the public by the augmented sentence.

OPINION OF THE COURT

1. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL — COURT RULES.

The requirement that a court affirmatively advise a defendant of his right to counsel at each proceeding after the defendant's arraignment is applicable at a subsequent proceeding only if the defendant actually appears without counsel (GCR 1963, 785.4[2]).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — FINGERPRINTING — IDENTIFICATION.

Fingerprinting is a matter of identification and not incrimination.

3. CONSTITUTIONAL LAW — CRIMINAL LAW — IN-COURT FINGERPRINTING — DISCRETION.

Permitting an in-court fingerprinting of a defendant is within the discretion of the trial judge when the procedure is relevant to an issue at hand.

4. CRIMINAL LAW — ATTEMPTS — MISDEMEANORS — LARCENY IN A
    BUILDING — STATUTES.

   A criminal statute dealing with attempts specifies that an of-
   fender convicted of attempting to commit an offense which is
   punishable in the state prison for a term less than five years or
   imprisonment in the county jail or by fine is guilty of a
   misdemeanor; therefore, since larceny in a building is a felony
   punishable by a prison term not to exceed four years, an
   attempted larceny in a building is punished as a misdemeanor
   (MCL 750.92, 750.360, 750.503; MSA 28.287, 28.592, 28.771).

5. STATUTES — CONSTRUCTION.

   Every legislative act is presumed to be constitutional and the
   purpose of the legislation is a factor for consideration when
   construing a statute.

6. CRIMINAL LAW — HABITUAL OFFENDERS — PRIOR CONVICTIONS —
    ATTEMPTS — FELONIES — STATUTES.

   The habitual offender statute expresses no requirement that prior
   convictions for "attempts to commit felonies" must in them-
   selves constitute felonies; therefore a prior misdemeanor con-
   viction for an attempt to commit larceny in a building may be
   the basis for an information charging a defendant as an habit-
   ual offender (MCL 769.12 et seq.; MSA 28.1084 et seq.). .

7. CRIMINAL LAW — HABITUAL OFFENDER STATUTE — FELONIES —
    ATTEMPTED FELONIES — MISDEMEANORS — STATUTES.

   Attempts to commit felonies, while they may be punishable as
   misdemeanors, are encompassed by the habitual offender act
   because an attempt to commit a felony requires the same
   intent as the commission of the felony itself (MCL 769.12; MSA
   28.1084).

CONCURRENCE BY N. J. KAUFMAN, P.J.

8. LARCENY — ATTEMPTS — FELONIES — HABITUAL OFFENDER —
    STATUTES.

   *Attempted larceny in a building may be punished by two years in
   prison; therefore, attempted larceny in a building is a felony
   for purposes of the Code of Criminal Procedure and the habit-
   ual offender statute (MCL 769.12; MSA 28.1084).*

CONCURRENCE BY T. M. BURNS, J.

9. CRIMINAL LAW — HABITUAL OFFENDER — SUPPLEMENTAL INFORMA-
    TION — ATTEMPTS — USE OF COURT'S TIME.

   *The time of a court and a prosecutor's office could be put to*

*better use than pursuing an habitual offender information against a defendant where two of the prior convictions relied upon for the information are convictions of attempt crimes well in the past and the other two convictions are even further in the past and where very little protection is afforded the public by the augmented sentence.*

*Frank J. Kelley,* Attorney General, *Robert Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Stephen H. Boak,* Assistant Prosecuting Attorney, Director, Prosecutor's Repeat Offender Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

BASHARA, J. Defendant appeals from a plea-based conviction of breaking and entering a motor vehicle with the intent to steal property valued over five dollars, MCL 750.356(a); MSA 28.588(1), and his subsequent conviction as an habitual offender, MCL 769.12; MSA 28.1084.

The court found at the habitual offender hearing that the defendant had been previously convicted of armed robbery, attempted breaking and entering of a motor vehicle, and two attempted larcenies in a building.

A question of identity arose during cross-examination, since two of the files were under the name of Esau Davis, and two in the name of Esau Davis, Jr., with none of the files listing a specific date of birth.

A Detroit fingerprint identification officer was called to testify regarding fingerprints in the aforementioned files. The prosecutor requested that

defendant's thumbprints be taken as a basis for comparison. Defendant objected to this action, asserting self-incrimination and claiming such a procedure should have been undertaken at an earlier stage of the proceeding.

The court overruled defendant's objection after a recess, and ordered the fingerprints taken. These prints and the earlier prints were identified as belonging to the same person.

Defendant first claims that the guilty plea must be reversed because the trial court failed to inform him specifically of his right to court appointed counsel throughout the entire criminal proceedings in the event of his indigency.

GCR 1963, 785.4(2) requires the court to affirmatively advise defendant of his right to counsel at each proceeding after the arraignment only if the defendant actually appears without counsel.

In this case, counsel appeared with defendant when he waived his right to a formal arraignment and at the guilty plea proceeding. Counsel also indicated to the court that he had advised defendant of his constitutional rights. Therefore, this claim is without merit.

Defendant's second contention is that the in-court fingerprinting constituted unfair surprise and did not allow his counsel adequate time to prepare for cross-examination.

Fingerprinting is a matter of identification and not incrimination. *People v Davis (App for Reh)*, 17 Mich App 615; 170 NW2d 274 (1969), *Schmerber v California*, 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966).

Permitting an in-court fingerprinting is within the discretion of the trial judge when the procedure is relevant to an issue at hand. *People v Chimovitz*, 237 Mich 247, 251; 211 NW 650 (1927),

*People v Auerbach,* 176 Mich 23, 45; 141 NW 869 (1913). As stated by the Michigan Supreme Court in *People v Les,* 267 Mich 648, 652; 255 NW 407 (1934):

"Practically all the decisions in which the question has been considered have held that evidence as to the correspondence of fingerprints is admissible to prove identity. See *Powell v State,* 50 Tex. Cr. R. 592 (99 S.W. 1005); *Brown v State,* 76 Tex. Cr. R. 316 (174 S.W. 360); and *State v Miller,* 71 N.J. Law, 527 (60 Atl. 202)."

A question of identity being raised, the fingerprinting was a relevant procedure. Moreover, the record indicates the proceeding was delayed after the request to fingerprint was made, mitigating any claim of surprise. If anything, defendant's rights were protected by insuring that a proper identification was made.

Defendant's final contention is that it was error to allow the two convictions for attempted larceny in a building to be considered as prior felony convictions, since they are misdemeanors.

The habitual offender statute, MCL 769.12; MSA 28.1084, states:

"A person who after having been 3 times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country which if committed within this state would be felonious, commits any felony within this state is punishable upon conviction."

The statute dealing with attempts, MCL 750.92; MSA 28.287, provides in part:

"If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than five years or imprisonment in the county jail

or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor."

Larceny in a building is a felony punishable by a prison term not to exceed four years, MCL 750.360; MSA 28.592, MCL 750.503; MSA 28.771. Thus attempted larceny is punished as a misdemeanor.

It is well settled that when construing statutes every legislative act is presumed to be constitutional and the purpose of the legislation a factor for consideration. *Thomas v Consumers Power Co,* 58 Mich App 486, 495; 228 NW2d 786 (1975), *Wayne County Republican Committee v Wayne County Board of Comm'rs,* 70 Mich App 620, 625; 247 NW2d 571 (1976).

The purpose of the habitual offender statute is to punish recidivists, the focus being on the status of the defendant. The substance of the offense, not the punishment prescribed, is the primary consideration. *Cf. Salgado v United States,* 277 F2d 653 (CA 1, 1960), *Taylor v United States,* 333 F Supp 1067 (ED Miss, 1971).

MCL 769.12 expresses no requirement that prior convictions for "attempts to commit felonies" must in themselves constitute felonies. Therefore, a prior misdemeanor conviction for attempt to commit larceny in a building may be the basis for an information under MCL 769.12 *et seq.;* MSA 28.1084 *et seq.*

Defendant claims such a statutory construction violates equal protection. He argues that an attempted felony committed in a foreign jurisdiction where the crime was deemed by law to be a misdemeanor would not be counted as a prior offense under the Michigan statute.

The statute, in considering crimes committed in

another jurisdiction, does not take into account the label affixed to the crime but whether the act was "felonious". The term "felonious" connotes intent. Therefore, attempts to commit felonies, while they may be punishable as misdemeanors, would apply to the act because an *attempt* to commit a felony requires the same *intent* as the commission of the felony itself.

Affirmed.

N. J. KAUFMAN, P.J. *(concurring).* I reluctantly concur. The Code of Criminal Procedure, MCL 760.1 *et seq.;* MSA 28.841 *et seq.,* of which the habitual offender statute is a part, defines felony as "an offense for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony". MCL 761.1(g); MSA 28.843(g).

Attempted larceny in a building may be punished by two years in prison, MCL 750.360; MSA 28.592, MCL 750.503; MSA 28.771, MCL 750.92; MSA 28.287. Therefore, attempted larceny in a building is a felony for purposes of the Code of Criminal Procedure and the habitual offender statute. See *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979), *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979).

Alternatively, the habitual offender statute covers "A person who * * * [has] been three times convicted within this state of felonies or attempts to commit felonies". MCL 769.12; MSA 28.1084.

Even if we label attempted larceny in a building a misdemeanor, see MCL 750.92; MSA 28.287, the habitual offender statute refers to felonies and all attempts to commit felonies. The statute does not distinguish between those attempts which are

themselves misdemeanors and those which are felonies. Further, if the Legislature meant to include in the statute only those attempts which were labelled felonies in the penal code, MCL 750.1 *et seq.;* MSA 28.191 *et seq.,* there was no need to add the phrase "or attempts to commit felonies" when they had already included felonies. Therefore, the language of the habitual offender statute requires me to conclude that all attempts to commit felonies, whether themselves misdemeanors or felonies, are covered by the statute.

T. M. Burns, J. *(concurring).* For the reasons stated in Judge Kaufman's concurrence I am also compelled to reach the conclusion that defendant's two prior convictions for attempted larceny in a building, MCL 750.360, 750.503, 750.92; MSA 28.592, 28.771, 28.287, fall within the habitual offender statute, MCL 769.12; MSA 28.1084, and may be used to augment punishment in this case. I write separately to question the wisdom of using the statute in this way.

The prior convictions for attempted larceny in a building occurred in 1963 and 1970. The disposition on those charges is not stated, but they carried a maximum of two years in prison. The current charge of breaking and entering a motor vehicle with intent to steal property valued in excess of $5 carried a maximum of five years and the court originally imposed a sentence of only one year, eight months to five years.

The trial court must have been aware of defendant's prior record at the time the original sentence was imposed. However, relying on the two attempt convictions in dispute and two convictions which are even older, the sentence was increased to 10 to 20 years under the habitual offender

provisions. It seems both the court's time and the prosecution's could have been put to better use than pursuing the habitual information in this case without a significant decrease in the protection afforded the public.