PEOPLE v BAILEY

1. ARSON—DEFRAUDING—INSURER—CORPUS DELICTI—EVIDENCE.

The corpus delicti of arson and of the wilful burning of a building with the intent to injure and defraud an insurance company are established where expert testimony negates accidental cause as the source of the fire and the other evidence tends to show defendant's financial motive and opportunity for starting the fire, as well as his acts, statements, and admissions to witnesses before and after the fire which are inconsistent with his defense of innocence (MCLA 750.72, 750.75).

2. ARSON—EVIDENCE—SEARCHES AND SEIZURES—WITHOUT WARRANT.

Evidence obtained without a search warrant by an officer investigating the burning of defendant's home did not violate defendant's Fourth Amendment right against unreasonable searches and seizures where defendant's privacy or security were not invaded by the investigation because the house and its contents were destroyed by the fire and were no longer suitable for any purpose (US Const, Am IV).

3. ARSON—FAILURE TO TESTIFY—PROSECUTOR'S COMMENTS—CURATIVE INSTRUCTION.

Prosecutor's closing remarks that defendant had testified at the preliminary examination on a charge of arson in the burning of his house but that his guilt could not be shown at trial unless it could be shown by his inconsistent statements and his conduct

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 5 Am Jur 2d, Arson and Other Related Offenses § 46 *et seq.*
[2] 29 Am Jur 2d, Evidence § 411 *et seq.*
Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure, 50 ALR2d 531.
[3] 53 Am Jur, Trial § 699 *et seq.*
29 Am Jur 2d, Evidence § 189.
Comment by court suggesting that jury may take into consideration failure of accused person to testify, 94 ALR 701.
[4] 21 Am Jur 2d, Criminal Law § 282 *et seq.*
[5] 53 Am Jur, Trial § 486.
[7] 41 Am Jur 2d, Indictments and Informations §§ 128 *et seq.;* 270–273.

that was totally inconsistent with innocence, or unless someone
were to tell how the fire in defendant's house was started,
although an impermissible reference to the fact that defendant
did not testify at trial, did not result in reversible error where
defense counsel demanded that the court not instruct the jury
on the defendant's right not to take the stand, thus leaving the
court with no way to cure any error that might have occurred.

4. CRIMINAL LAW—TRIAL—TACTICS—WAIVER OF RIGHTS—ACQUIES-
CENCE.

The trial tactics of an experienced criminal attorney play a large
role in the conduct of a defendant's case and where those
tactics interfere with defendant's rights, defendant is held to
have acquiesced in them; therefore, where prosecutor's imper-
missible reference to the fact that defendant did not testify at
trial could have been cured by an instruction but defense
counsel waived it, defendant acquiesced in the waiver and
cannot complain on appeal.

5. ARSON—WITNESSES—CONSPIRATOR—PROSECUTOR'S COMMENTS.

A prosecutor's closing remarks which implied that one of the
witnesses was a knowing conspirator with defendant in the
burning of defendant's home was not reversible error where the
evidence showed that the remark was not completely unwar-
ranted by the evidence.

6. ARSON—DEFRAUDING INSURER—INTENT—EVIDENCE.

Sufficient evidence was presented that a valid claim and proof of
fire loss had been presented by defendant to his insurance
company to justify denial of a motion to quash a charge against
defendant of burning insured property with intent to defraud
his insurer where it was shown that the insurance company
president told defendant his claim would not be considered
because the fire at his home was being investigated, defendant's
letter to the insurance company that he had filed proof of loss
was read into evidence, an insurance adjuster had given de-
fendant proof of loss forms, and a prosecution witness testified
that on the night of the fire defendant and his wife sat in the
witness's home filling out proof of fire loss claims (MCLA
750.75).

7. INDICTMENT AND INFORMATION—ALIASES.

A motion to strike all of defendant's aliases from an information
was properly denied where the trial court, after a full hearing
on the motion, found that defendant had used certain aliases in

the past and agreed to leave those aliases on the information while striking all others which he had not used.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 January 12, 1972, at Lansing. (Docket No. 8552.) Decided August 28, 1972. Leave to appeal denied, 388 Mich 786.

James L. Bailey was convicted of arson and of wilfully burning his home with the intent to defraud his insurance company. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

T. M. BURNS, J. The defendant was charged in the prosecutor's two-count information with the crimes of arson, MCLA 750.72; MSA 28.267, and the wilful burning of his home with the intent to injure and defraud his insurance company, MCLA 750.75; MSA 28.270. The jury found the defendant guilty of both charges, and he was sentenced from 8-1/2 to 20 years on the first count and 5-1/2 to 10 years on the second count. Defendant appeals as of right.

Defendant contends that the prosecution never established the corpus delicti of the crimes charged.

Expert testimony at the trial revealed the fol-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lowing: (1) the fire was not caused by lightning because the day was clear and cold; (2) the greatest damage from the fire was in the living room; (3) on the day of the fire, the kitchen stove was functioning normally; (4) defendant's furnace was not the cause of the fire nor was the fuse box, any electrical source or outlet, the living room lamp or lamp cord, nor was any explosion the cause of the fire; (5) the dogs which died in the fire could not have caused the fire by biting on the electrical cords; (6) the lighting fixtures on the Christmas tree in defendant's living room did not cause the fire; (7) careless smoking or neglect was not the cause; (8) the northeast corner of the living room was the point of origin of the fire, and there was a considerable amount of white ash in the corner which would be the residue of the newspapers defendant generally stored there; (9) electrical equipment in that corner did not cause the fire; and (10) the living room couch and chair were not the source of the fire.

In addition, the people offered proofs to establish that defendant was in financial trouble; defendant was in the house alone some 10 to 20 minutes before the fire started; defendant had stated that if a fire occurred in his house, he would need a good alibi; defendant tried to persuade witnesses not to testify against him; defendant was aware that the home was covered against fire loss, but told officers on the scene that he didn't know whether he had insurance or not; defendant changed fuses in the fuse box after the fire as a "joke" on the investigating officer; defendant attempted to get a woman to go to Florida with him when he received the insurance proceeds; defendant almost doubled the insurance coverage not long before the fire; defendant stated that all he had left were the clothes on

his back when in fact he had left clothing with a friend out of state prior to the fire; and that defendant had stated that if you want something done right, you had to do it yourself.

In *People v Porter,* 269 Mich 284, 292 (1934), the Supreme Court stated:

"The crime of arson is so peculiarly one of secrecy that often the only evidence of the unlawful character of the fire is found in the acts and admissions of a person having opportunity and motive. This is such a case. Defendant was alone in the house. Only she knew whether the fire was innocent or evil. If evil, she set it. The only means of determining the character of the fire, aside from inconclusive physical evidence, were her conduct and statements and their consistency with innocence or guilt. Both the *corpus delicti* and defendant's guilt rested upon the same state of facts and the evidence could not be separated to permit the proof of one without also proving the other."

It is our opinion that the evidence tending to show motive and opportunity, together with the evidence negating accidental cause, is sufficient to establish corpus delicti.

Defendant next contends that all of the evidence obtained by the investigating officer should have been suppressed because the evidence was obtained without benefit of a search warrant. Defendant relies on *Camara v San Francisco,* 387 US 523; 87 S Ct 1727; 18 L Ed 2d 930 (1967), and *See v Seattle,* 387 US 541; 87 S Ct 1737; 18 L Ed 2d 943 (1967).

In *Camara,* the Court held that occupied dwellings could not be inspected for ordinance violations without a warrant. The Court in *See* applies the *Camara* decision to places of business as well as dwellings.

In the instant case we are dealing with neither

an occupied dwelling nor a place of business. The house and contents were destroyed by fire and were no longer suitable for any purpose. In *Camara, supra,* at 528, it is stated:

"The basic purpose of this [Fourth] amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials."

We see no invasion of defendant's privacy or security as a result of the investigation of the destroyed premises. There was no violation of defendant's Fourth Amendment rights as a result of the investigation.

Defendant next contends that the trial court should have granted a mistrial due to prosecutorial misconduct during closing argument. The statement complained of reads as follows:

"You can't say, 'Well, how that fire started, whether or not he lit it with a match or used a wick or used an accelerant, or what he did in that corner was not proven by the people, and therefore, you can't convict him.'

"We will never know unless Gordie Johnson or someone were to tell us. We will never know unless the defendant—he testified at preliminary examination—can be shown to be guilty by his inconsistent statements and his conduct that was totally inconsistent with innocence."

It is defendant's position that the above comments constitute an impermissible reference to the fact that defendant did not testify at trial.

In *People v Alexander,* 26 Mich App 321 (1970), a factually similar incident occurred as is complained of here. This Court stated at 324–325:

"Defendant also asserts that it was error for the

prosecutor on final argument to state that no contradiction to the people's testimony has been offered by the defense, and further to state that, '[a]nd he, as we stand here, appears alone fully to know what happened, that is, the defendant Alexander.' We agree. MCLA § 600.2159 (Stat Ann 1970 Cum Supp § 27A.2159). However, where, as here, the court fully covers the point in its instruction to the jury, potential prejudice is thereby cured."

In the instant case defense counsel demanded that the court not instruct the jury on the fact that the defendant had not become a witness at trial. This left the court with no way to cure any error that might have been committed by the prosecutor.

The courts have long recognized that trial tactics of the experienced criminal attorney play a large role in the conduct of defendant's case. The courts have also recognized that where such trial tactics interfere with the defendant's rights, the defendant is held to have acquiesced in such tactics. See *People v Lawrence,* 32 Mich App 591, 593 (1971). In the instant case since any error that might have been committed by the prosecutor could have been cured by an instruction and since defendant's counsel waived the instruction, the defendant is held to that waiver and cannot complain of the error.

Defendant also contends that the prosecutor's remarks in the closing argument constituted error in that they alleged that witness Gordie Johnson was a knowing conspirator with the defendant in burning defendant's home. Our review of the evidence reveals, however, that the prosecutor's remark was not completely unwarranted by the evidence. The remark does not, therefore, constitute reversible error. *People v Mason,* 10 Mich App 404, 407 (1968).

Defendant next argues that the trial court erred in denying the defendant's pretrial motion to quash the second count of the information.

The second count of the information was knowingly burning insured property with intent to defraud insurer. A review of the testimony at preliminary examination discloses that sometime in January of 1969 the defendant was told by the president of his insurance company that his claim would not be considered because the fire at his home was being investigated. The letter from the defendant to the insurance company stating that the defendant had filed a proof of loss was received in evidence and read into the record. Furthermore, an insurance adjuster of the defendant's insurance company met with the defendant and gave him forms upon which to present a proof of loss. Additionally, Betty Johnson, the wife of Gordon Johnson, testified that on the night of the fire, the defendant and his wife sat in two separate rooms at her home filling out proof of loss forms for the fire at their home. The trial court considered all this evidence and concluded that there was sufficient evidence going to a violation of MCLA 750.75; MSA 28.270. A review of the evidence presented would justify the trial court's conclusion that a valid claim and proof of loss had been presented to the defendant's insurance company. As such, it would appear that the defendant's issue on this point is not meritorious.

Defendant next contends that the trial court erred in denying the defendant's pretrial motion to strike all aliases from the information.

The original information filed against the defendant read as James Larriemore Bailey a/k/a James L. Bailey a/k/a James Larriemore a/k/a Jack Albert a/k/a Jay Baldwin a/k/a Jim Crane

a/k/a Jonathan L. Bailey. The trial court, after a full hearing on the motion to strike the aliases, found that the defendant had used certain aliases in the past and agreed to leave those aliases on the information and strike all others.

In our opinion the trial court's action was proper. It was established at trial that defendant had purchased the home under an alias. All of the names not used by defendant were struck from the information. We find no prejudice.

Defendant finally claims that the trial court erred by admitting into evidence testimony claimed to be prejudicial. Defendant here points to five separate instances where testimony was introduced solely to prejudice the defendant in the eyes of the jury. Defendant has not shown how he was prejudiced nor has he cited any authority to support his position. We will only say, therefore, that we have reviewed all of the testimony in question and find this issue to be without merit.

Affirmed.

All concurred.