KASSNER v FREMONT MUTUAL INSURANCE COMPANY

Opinion of the Court

1. Evidence—Unlawful Search—Admissibility.
   Evidence obtained by an unlawful search is not admissible in civil cases.

2. Evidence—Searches and Seizures—Without Warrant—Suppression—Fire Damage.
   Evidence obtained without search warrants by fire marshals and a state electrical inspector was properly suppressed at trial in a suit to recover under the terms of a homeowner's insurance policy; there was a significant invasion of the plaintiff's privacy or security as a result of the investigation of the destroyed premises to require suppression of the evidence.

Dissent by T. M. Burns, J.

3. Evidence—Searches and Seizures—Without Warrant—Fire Damage.
   *Evidence obtained without search warrants by fire marshals and a state electrical inspector was not illegally seized from a dwelling where the house searched and its contents were destroyed by fire and were no longer suitable for any purpose; therefore, the trial court erred in suppressing the evidence.*

Appeal from Mecosta, Harold Van Domelen, J. Submitted Division 3 April 4, 1973, at Grand Rapids. (Docket No. 13559.) Decided May 23, 1973.

Complaint by Harold Kassner against Fremont Mutual Insurance Company to recover for fire losses under a homeowner's insurance policy.

References for Points in Headnotes
[1] 29 Am Jur 2d, Evidence § 416.
[2, 3] 29 Am Jur 2d, Evidence §§ 425–427.

Judgment for plaintiff. Defendant appeals. Affirmed.

*William A. Harper,* for plaintiff.

*John W. Berry,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

CHURCHILL, J. On October 24, 1970, the defendant insurance company issued a policy of insurance to the plaintiff insuring his dwelling house against loss from fire and other causes. The policy contained a schedule of coverages for the dwelling, appurtenant structures, unscheduled personal property, and additional living expenses totaling $20,400. On May 16, 1971, the house and contents were destroyed by fire. The plaintiff submitted a sworn proof of loss on which he claimed as loss the full amount scheduled in each category. The defendant refused payment.

This action was brought to recover the full $20,400. The defendant denied the loss was as great as claimed and further asserted as separate affirmative defenses (1) that the plaintiff intentionally caused the fire and (2) fraud in connection with the proof of loss.

The jury returned a verdict for the plaintiff in amount of $14,950, which sum was supported by the evidence, the defendant's assertion on appeal to the contrary notwithstanding.

The defendant's other claims of error involve suppression of evidence by the trial court and the manner in which the jury was instructed concerning the burden of proof of affirmative defenses.

* Circuit judge, sitting on the Court of Appeals by assignment.

A testimonial hearing in the absence of the jury developed the following facts. On May 20, 1971, two state fire marshals went to the burned premises to make an investigation as to the cause of the fire, removing selected fire debris for laboratory analysis. One of them returned the next day with a state electrical inspector to inspect the wiring, and one returned again on May 28, 1971.

The trial judge concluded that evidence obtained from these warrantless searches was illegally obtained and granted the plaintiff's motion to suppress the same.

Evidence obtained by an unlawful search is not admissible in civil cases. *Lebel v Swincicki,* 354 Mich 427 (1958). Also see annotation on this subject at 5 ALR3d 670.

In *People v Bailey,* 42 Mich App 359 (1972), and in *People v Dajnowicz,* 43 Mich App 465 (1972), this Court considered the same issue, arriving at contrary conclusions.[1]

The Court in *Bailey* based its decision on the conclusion that there was no significant invasion of the defendant's privacy or security as a result of the investigation of the destroyed premises. This is the heart of the issue, and we arrive at a contrary conclusion. The reason the state wants to search the premises is because it may contain evidence of the origin of the fire. *A fortiori,* what evidence about the private lives of the former occupants may it with equal or greater probability contain?

In determining that a search warrant was required the Court in *Dajnowicz* relied on *Camara v San Francisco Municipal Court,* 387 US 523; 87 S Ct 1727; 18 L Ed 2d 930 (1967). At first blush one might distinguish a routine administrative search

---

[1] The concluding statement in *Dajnowicz* that *Bailey* was an invitation case is not supported by the reported decision.

by a building inspector under a municipal ordinance from a search of a burned-out building by a specialized state police detective looking for evidence of the cause of a fire. Section 6[2] of the Fire Prevention Act authorizes a search into the cause of every fire resulting in loss of life or damage to property.

In *Camara* the Court carefully distinguished between the kind of probable cause which will justify an administrative search and the "time-honored doctrines applicable to criminal investigations". *Camara,* 387 US 523, 539; 87 S Ct 1727, 1736; 18 L Ed 2d 930, 941. The only inference about criminality that can be inferred from the fact of a fire is that it may have been started by criminal conduct. The search in this type of case, therefore, receives its most kindly judicial treatment when viewed as an administrative or quasi-administrative search, and in such a situation *Camara* applies.

For these reasons we hold that the trial judge correctly suppressed the evidence obtained by the fire marshals and the electrical inspector assisting them in this case.

The defendant also asserts that the jury instructions required the defendant to establish fraud and intentional burning instead of one or the other. Reading an isolated portion of the instructions could lead to this conclusion, and we commend that when dealing with alternate affirmative defenses, trial courts should follow the general format of Michigan Standard Jury Instructions Civil 21.03.

On reading the instruction as a whole we do not believe it to have been misleading, and in any

---

[2] MCLA 29.6; MSA 4.559(6).

event this objection to the instruction was not timely raised. GCR 1963, 516.2.

Affirmed.

Holbrook, P. J., concurred.

T. M. Burns, J. *(dissenting).* For the reasons delineated in *People v Bailey,* 42 Mich App 359, 363–364 (1972), it is my opinion that the fire debris taken from plaintiff's destroyed dwelling was not illegally seized and that the trial court erred in suppressing the evidence.