**James L. BAILEY, Petitioner-Appellant,**

**v.**

**PEOPLE OF the STATE OF MICHIGAN, Respondent-Appellee.**

**No. 73-1392.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1973.

Decided Feb. 27, 1974.

Deborah Cohn (Court Appointed) Detroit, Mich., for petitioner-appellant.

Frank J. Kelley, Atty. Gen. of Mich., Thomas A. Carlson, Lansing, Mich., for respondent-appellee.

Before CELEBREZZE, Circuit Judge, McALLISTER, Senior Circuit Judge and WILSON,* Chief District Judge.

---

* The Honorable Frank W. Wilson, United States Chief District Judge, for the Eastern District of Tennessee, sitting by designation.

PER CURIAM.

Appellant was convicted by a Michigan jury of arson and burning with intent to defraud. His conviction was affirmed by a Michigan Court of Appeals, 42 Mich.App. 359, 202 N.W.2d 557 (1972), and the Supreme Court of Michigan denied leave to appeal. The District Court denied Appellant's petition for a writ of habeas corpus.

■ Among Appellant's allegations is the contention that the prosecution failed to prove beyond a reasonable doubt the *corpus delicti* of the crime of arson. The case against Appellant was a combination of evidence regarding his need for money as a motive and testimony negating various natural causes of the fire. There is no such insufficiency of the evidence in this record as to present a constitutional issue. Having reviewed the entire transcript of the trial, it appears to us that there is sufficient evidence to support the conviction. The opinion of the Michigan Court of Appeals affirming the conviction provides us with an excellent summary of the incriminating testimony:

> Expert testimony at the trial revealed the following: (1) the fire was not caused by lightning because the day was clear and cold; (2) the greatest damage from the fire was in the living room; (3) on the day of the fire, the kitchen stove was functioning normally; (4) defendant's furnace was not the cause of the fire nor was the fuse box, any electrical source or outlet, the living room lamp or lamp cord, nor was any explosion the cause of the fire; (5) the dogs which died in the fire could not have caused the fire by biting on the electrical cords; (6) the lighting fixtures on the Christmas tree in defendant's living room did not cause the fire; (7) careless smoking or neglect was not the cause; (8) the northeast corner of the living room was the point of origin of the fire, and there was a considerable amount of white ash in the corner which would be the residue of the newspapers defendant generally stored there; (9) electrical equipment in that corner did not cause the fire; and (10) the living room couch and chair were not source of the fire.

> In addition, the people offered proofs to establish that defendant was in financial trouble; defendant was in the house alone some ten to twenty minutes before the fire started; defendant had stated that if a fire occurred in his house, he would need a good alibi; defendant tried to persuade witnesses not to testify against him; defendant was aware that the home was covered against fire loss, but told officers on the scene that he didn't know whether he had insurance or not; defendant changed fuses in the fuse box after the fire as a "joke" on the investigating officer; defendant attempted to get a woman to go to Florida with him when he received the insurance proceeds; defendant almost doubled the insurance coverage not long before the fire; defendant stated that all he had left were the clothes on his back when in fact he had left clothing with a friend out of state prior to the fire; and that defendant had stated that if you want something done right, you had to do it yourself. People v. Bailey, 42 Mich. App. 359, 361–363, 202 N.W.2d 557, 559 (1972).

The evidence is essentially circumstantial and much of it is of a negative character, but the nature of the crime of arson is such that very rarely will it be possible to present direct proof of the crime. People v. Dorrikas, 354 Mich. 303, 92 N.W.2d 305 (1958); People v. Porter, 269 Mich. 284, 257 N.W. 705 (1934). *See* Carpenter v. Union Insurance Society of Canton, Ltd., 284 F.2d 155, 159 (4th Cir. 1960). We find that there was sufficient evidence presented from which the jury could find that the *corpus delicti* had been established.

■ The Appellant also seeks to raise an unlawful search issue with re-

spect to the testimony of the fire marshal. However, the contention is without merit in the context of this lawsuit. Not only was the fire marshal's warrantless search shortly after the fire for the cause of the conflagration reasonable, see United States v. Green, 474 F. 2d 1385 (5th Cir. 1973), but the record in this case reflects that he was invited to return upon more than one occasion by the Appellant.

Appellant has raised other issues but we find them to be without merit. Accordingly, the order of the District Court, denying Appellant's petition for habeas corpus, is affirmed.