## FERZACCA *v.* FREEMAN.

1. Quo Warranto—No Necessity to Give Notice of Intention to Ask Leave to File Writ.

   Under 3 Comp. Laws 1915, § 13550, it is not necessary that a citizen, intending to apply to the circuit judge for leave to file an information in the nature of *quo warranto* to try defendant's right to the office of sheriff, give notice to the defendant of such intention.

2. Appeal and Error—Question Not Raised in Trial Court Not Considered on Review.

   A question not raised in the trial court may not be raised on review.

3. Quo Warranto—Appearance—Waiver of Irregularity.

   In *quo warranto* proceedings to try defendant's right to the office of sheriff, defendant, by appearing generally, waived his right to later object to plaintiff's failure to give notice of his intention to apply to the circuit judge for leave to file said information; said defect, if any, not being a jurisdictional one, but simply an irregularity that could not be taken advantage of after general appearance.

4. Same—Statute Under Which Writ Filed.

   An information in the nature of *quo warranto*, filed by a private citizen by leave of the circuit judge to try defendant's right to the office of sheriff, is filed under 3 Comp. Laws 1915, § 13524, rather than under sections 13551, 13552, which are provided for use when the writ runs against a municipality.

5. Same—Elections—Proper Remedy in Election Matters.

   A motion by defendant to dismiss *quo warranto* proceedings to try his right to the office of sheriff, on the ground that plaintiff, a candidate for said office at the election, has a complete and adequate remedy under the general election laws, was properly denied, since the remedy of *quo warranto* in election matters is expressly given by statute (3 Comp. Laws 1915, § 13524, subd. 1), and the election laws provide that such remedy shall be retained (chapter 20, § 15, Act No. 203, Pub. Acts 1917).

[1]Quo Warranto, 32 Cyc. p. 1437; [2]Appeal and Error, 3 C. J. § 580; [3]Quo Warranto, 32 Cyc. p. 1437; [4]Id., 32 Cyc. p. 1416.

Certiorari to Dickinson; Gillespie (Glenn C.), J., presiding.  Submitted June 15, 1927.  (Docket No. 113.)  Decided December 1, 1927.

*Quo warranto* proceedings by William O. Ferzacca against Rudolph K. Freeman to try the title to the office of sheriff.  From an order denying a motion to dismiss, defendant brings certiorari.  Affirmed.

*Ryall & Frost*, for appellant.

*C. D. Dwyer* and *A. F. Dixon*, for appellee.

BIRD, J.  Plaintiff was the regular candidate on the Republican ticket for sheriff in Dickinson county at the fall election of 1926.  Defendant ran on slips or pasters, and the board of canvassers found defendant had 331 more votes than the plaintiff, and issued to him a certificate of election.  In January, 1927, following the election, plaintiff presented to the circuit judge his application for leave to file an information in the nature of a *quo warranto* against defendant.  With it plaintiff presented an affidavit to the circuit judge showing in detail his claims and his interest in the controversy.  After considering it the circuit judge granted plaintiff leave to file an information without requiring any notice to be served on defendant.  Upon filing the information a summons issued, a copy of the summons and information was duly served upon defendant.  Defendant entered his general appearance by counsel on January 15, 1927, and three days later filed a motion in the nature of a demurrer to dismiss the proceedings, because the information did not show that leave was obtained prior to the filing thereof.  Later plaintiff moved to strike defendant's motion from the files, and it was granted.  Following this defendant filed his plea, raising therein the questions that are here for review.  Defendant's contentions are:

(1) That the information purports to be filed by a private citizen, and that said information does not show that leave of court was obtained authorizing the filing thereof.

(2) Because said information was filed and summons issued without notice of the intention of the plaintiff to obtain such leave.

(3) Because it appeared upon the information that plaintiff claims that fraud and error had been committed at said election, at which there were submitted constitutional amendments, and that the proceedings in this cause had not been taken within thirty days after said election, as required by section 13551 *et seq.*, 3 Comp. Laws 1915.

(4) Because plaintiff has a complete and adequate remedy under the provisions of pt. 4, chap. 18, of the Michigan election law (Act No. 351, Pub. Acts 1925), in that plaintiff could have secured a recount.

1, 2. Was it necessary for plaintiff to give notice to defendant that he intended to apply to the circuit judge for leave to file the information?

"Informations under this chapter may be filed by the prosecuting attorney of the proper county, on his own relation or that of any citizen of the county, without leave of the court, or, by any citizen of the county by special leave of the court or a judge thereof."     3 Comp. Laws 1915, § 13550.

It will be observed that the statute does not require notice.   There appears to be no necessity for notice. It is the initial step in the proceeding.   Its object is to obtain permission to take out a summons in *quo warranto*.   Leave of the court is required by the statute to prevent an extravagant use of the writ unless there is some real basis for it.   Failure to give notice to the defendant does not deprive him of any substantial right.   He has his full day in court after leave is granted and summons is served on him.   To require notice results in giving the defendant two flings at his defense.   If defendant be given notice of the application he will make the same showing that

he afterward does on the merits.    If the matter is of such a character that the circuit judge would like to hear from defendant before granting leave, he may always make an order requiring him to show cause why leave should not be granted.    This leaves the matter open so that no harm can result.

The practice in this State on this question is not clearly defined, but the question has received attention in other jurisdictions.    22 Standard Ency. of Procedure, p. 70, says:

"In some jurisdictions the application may be heard on the *ex parte* affidavits of the relators, and no notice to the defendant is required.    While it is entirely within the discretion of the court to direct that the defendant be served with notice, yet, unless the statute requires it, failure to make such order is not error. In other jurisdictions, however, the defendant has a right to be heard upon the application.    The granting of leave, however, does no more than to designate the relator as a person who may lawfully call the defendant into court.    It adjudicates nothing against the defendant and takes from him no personal or property rights."

In *State* v. *Railway Co.*, 135 Iowa, 694, 714 (109 N. W. 867), the question whether notice was necessary between private parties was directly considered:

"Nor do we find any merit in the point suggested that leave to sue was granted without notice to the defendants.    It is a sufficient answer to say that the statute does not require notice, and we cannot conceive how the failure to so provide lays the statute open to the constitutional objection raised by counsel.    The granting of leave does no more than to designate the relator as a person who may lawfully call the defendants into court for the trial of a disputed question of law or fact according to the ordinary course of procedure.    It adjudicates nothing against the defendants.    It takes from them no personal or property rights.    No one is deprived of the benefits of due process of law, or denied the equal protection of the law.    In the opinion of many, the 14th Amendment

to the Federal Constitution has quite frequently been made to do duty in cases not within the contemplation of its framers, but we are very sure no precedent can be found indulging so great a latitude or construction as would be required in order to sustain the position of counsel in this respect. It would doubtless be within the discretion of the court, upon being applied to for leave to bring the suit, to order notice served upon the defendant to show cause why leave should not be granted, and under some circumstances such would be a commendable practice, but the statute does not require it, and failure to make such order is not error."

Other cases in accord are *Watkins* v. *Venable*, 99 Va. 440 (39 S. E. 147) ; *People* v. *Golden Rule*, 114 Ill. 34 (28 N. E. 383) ; *Gilroy* v. *Commonwealth*, 105 Pa. 484.

Much reliance is placed on a statement made in *Vrooman* v. *Michie*, 69 Mich. 42, 44. Mr. Justice CAMPBELL, who delivered the opinion in that case, while considering it, departed for a moment from the questions involved to consider the old practice and the power of the attorney general to file informations without leave. He said:

"In some cases against corporations he could only file it after leave granted by this court, which has never been granted without notice to the respondent, and a sufficient showing by positive affidavit of facts rendering it proper."

The question of notice was not involved in that case, but whatever may have been the earlier practice in *quo warranto,* what was said there in regard to notice must be regarded as *dictum.* It must also be remembered in this connection that not only the legislature, but the bench, has liberalized and simplified the practice with reference to *quo warranto* very much in the last half century.

There are two other reasons why defendant should

not prevail in this motion. One is that this precise question was not raised in his motion. The other one is that, having appeared generally before making the motion to dismiss, he waived his right to take advantage of defects of this character. The defect, if it be one, is not a jurisdictional one, it is simply an irregularity, and it is such an irregularity that could not be taken advantage of after general appearance.

3. Defendant assumes that the proceeding is brought under 3 Comp. Laws 1915, § 13551. That section reads:

"A petition may be filed in the circuit court of any county of this State whenever it shall be made to appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional amendment, question, or proposition to the electors of the State or any county, township or municipality thereof."

Plaintiff claims it was brought under section 13524. Subdivision 1 of that section provides that:

"When any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this State; or any office in any corporation created by the authority of this State."

Section 13552 was probably provided for use when the writ runs against a municipality. The closing words of the section, "such petition shall be filed against the municipality wherein such fraud or error is alleged to have been committed," would indicate that it was intended to be applicable only when it was desired to file an information against a municipality. The cases of *Youells* v. *Morrish*, 218 Mich. 194, and *Anderson* v. *Levin*, 218 Mich. 225, are persuasive that that construction is so understood by this court.

4. The defendant insists that plaintiff has a complete and adequate remedy under the provisions of the

general election laws.    The remedy of *quo warranto* in election matters is expressly given by statute (3 Comp. Laws 1915, § 13524, subd. 1), and the election laws provide that that remedy shall be retained.    Act No. 203, Pub. Acts 1917, chap. 20, § 15 (Comp. Laws Supp. 1922, § 3848 [222]).    We think there is no merit in defendant's objections.

The order of the trial court is affirmed, with costs of both courts to plaintiff.

SHARPE, C. J., and FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.                                          ᘰ