STOKES *v.* CLERK OF THE MONROE COUNTY CANVASSERS

1. MOTIONS — ACCELERATED JUDGMENT — AFFIDAVITS — PLEADING — COURT RULES.

   A motion for accelerated judgment must be accompanied by affidavits in every case where the grounds asserted do not appear on the face of the pleading attacked (GCR 1963, 116).

2. QUO WARRANTO—STATUTES—VALIDITY OF ELECTIONS—LIMITATION OF ACTIONS.

   Revised Judicature Act § 4545 providing a 30-day time limit for bringing an action for material fraud or error in an elec-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  41 Am Jur, Pleading §§ 340–343.
[2]  26 Am Jur 2d, Elections § 326.
[3]  44 Am Jur, Quo Warranto § 62.

tion does not apply to *quo warranto* actions to try title to a particular office, but only to test the validity of an election with regard to a constitutional amendment, question or proposition (MCLA § 600.4545; GCR 1963, 715.1).

3. QUO WARRANTO—TIMELINESS.

An action for *quo warranto* brought by a private person within six years of an election to test title to an office must be commenced within a reasonable time taking into account the excuse for delay, the probable harm to the defendant and the detriment to the public.

4. MOTIONS—SUMMARY JUDGMENT—AFFIDAVITS.

The function of a defendant's affidavit in a summary judgment proceeding is to establish affirmatively under oath that there is no basis in fact to support plaintiff's claims (GCR 1963, 117).

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 October 12, 1970, at Lansing. (Docket No. 7250.)  Decided December 9, 1970.

Complaint for *quo warranto* by S. Arlene Stokes against Warren J. LaBeau, Clerk of the Board of Canvassers of Monroe County, Donald D. Doty, and the Monroe County Board of Supervisors, to test Doty's right to office as supervisor for the 6th district of Monroe County.  Summary judgment for defendants LaBeau and Board of Supervisors.  Accelerated judgment for defendant Doty.  Plaintiff appeals judgments for defendants LaBeau and Doty. Reversed and remanded as to Doty.  Affirmed as to LaBeau.

*Craig, Fieger & Golden,* for plaintiff.

*James J. Rostash,* Prosecuting Attorney, for defendant LaBeau.

*McCormick & McCormick,* for defendant Doty.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

V. J. Brennan, J. This is an appeal from a judgment of the Monroe County Circuit Court in favor of defendants in a *quo warranto* action.

On November 5, 1968, an election was held to select a supervisor for the 6th district of Monroe County. On November 18, 1968, Donald Doty was certified as elected. Plaintiff, S. Arlene Stokes, was the defeated nominee. She thereafter filed a timely request for a recount which was begun on January 14, 1969. On that same day an entry was made in the records of the Board of Canvassers again certifying that the election was won by Doty.

On February 24, 1969, plaintiff sought a writ of *quo warranto* claiming that there were several improperly marked ballots. The following were named as defendants: 1. Donald Doty, the winner of the election; 2. Warren J. LaBeau in his capacity as the Monroe County Clerk and Clerk of the Board of Canvassers; and, 3. the Monroe County Board of Supervisors. The purpose of the suit was to test the propriety of Doty holding office.

Motions for summary judgment were filed on behalf of LaBeau and the Board of Supervisors, and a motion to dismiss was filed on behalf of Doty. All of the motions were granted. Plaintiff appeals the judgment of the lower court relating to defendants Doty and LaBeau.

Plaintiff's first assignment of error questions the grant of Doty's motion to dismiss. The court treated this motion as one for accelerated judgment under GCR 1963, 116.1(5). The ground asserted as a basis for the motion was that the 30-day statute of limitations for the filing of objections to an election had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

run before the commencement of the action. MCLA § 600.4545 (Stat Ann 1962 Rev § 27A.4545). Defendant Doty argued that, since the recount was certified on January 14 and the plaintiff didn't file suit until February 27, the action was barred by the statute. Plaintiff contended that the recount was not actually completed until January 30, that the entry of January 14 as the certification date was incorrect and that the action was commenced within the statutory period. The court found in favor of defendant and granted him accelerated judgment on the basis of the running of the statute.

Preliminarily, we note that the grant of accelerated judgment was a technical violation of GCR 1963, 116.3, which requires that such motion be accompanied by affidavits in every case where the grounds asserted do not appear on the face of the pleading attacked. A review of the record discloses that no affidavits or other evidence was filed by Doty in the cause.[1] The court should not base its decision on the unsupported allegations of the parties. It is unnecessary to decide whether this warrants a reversal, for we choose to base our decision on a more fundamental error.

In granting defendant Doty's motion, the trial court relied on MCLA § 600.4545 (Stat Ann 1962 Rev § 27A.4545) which provides:

"(1) An action may be brought in the circuit court of any county of this state whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof.

---

[1] During a recess, defendant's counsel obtained the records of the Board of Canvassers and later read parts thereof into the record.

"(2) Such action shall be brought within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof. Such action shall be brought against the municipality wherein such fraud or error is alleged to have been committed.

"(3) After such action is brought the procedure shall conform as near as may be to that provided by law for actions for quo warranto".

In the November 5 election, there were many questions and propositions submitted to the electors. It must, nevertheless, be decided whether this section was the proper one to apply.

The Committee Comment to chapter 45 of the RJA[2] states that "this chapter is an extensive revision of the previous statute on the subject [of *quo warranto*] and transfers a large part of what was in the statute to the court rules". Accordingly, we turn to a consideration of the court rules. GCR 1963, 715.1 provides that all actions for *quo warranto against any person* other than a state officer shall be brought in the circuit courts. We think it is significant that § 4545 commands that actions thereunder "shall be brought *against the municipality* wherein such fraud or error is alleged to have been committed". In other words, § 4545 does not apply to *quo warranto* actions to try title to a particular office, but only to test the validity of an election with regard to a constitutional amendment, question or proposition. See *Ferzacca* v. *Freeman* (1927), 240 Mich 682. The only cases cited by the appellee as authority for the proposition that § 4545 applies here are *Youells* v. *Morrish* (1922), 218 Mich 194, and

_____
[2] MCLA § 600.4501 *et seq.* (Stat Ann 1962 Rev § 27A.4501 *et seq.*).

*Lake* v. *Township of North Branch* (1946), 314 Mich 140. Both of these cases are concerned with challenging the validity of elections establishing certain school districts and are not authority for his position. We have been unable to find a single case which squarely holds that an action to try title to a particular office has been barred by the 30-day limitation in § 4545.

Further, the authors' comments to GCR 1963, 715.1, are as follows:

"RJA § 4545. Actions pursuant to this statutory provision must be brought within thirty days after the election being challenged. See *Millard, Attorney General, ex rel. Reuter* v. *City of Bay City* (1952), 334 Mich 514, 54 NW2d 635; *Finlayson* v. *West Bloomfield Tp.* (1948), 320 Mich 350, 31 NW2d 80. However, an action to try title to a particular office is not subject to the restrictions of RJA § 4545, even though the right to the office may ultimately turn upon the validity of the vote upon a constitutional amendment or proposition". 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 221, citing *People, ex rel. Wexford County Prosecuting Attorney*, v. *Kearney* (1956), 345 Mich 680.

In the case at bar there is no question but that this was an action to try title to a specific office. The relief sought in the complaint was to have Donald Doty ousted from office and plaintiff declared the supervisor of the 6th district. It is obvious that this suit was brought under § 4505[3] and GCR 1963, 715.1 rather than § 4545.

The final consideration which leads us to conclude that § 4545 is inapplicable is the specification in the

---

[3] "(1) In actions brought against persons for usurpation of office, the judgment may determine the right of the defendant to hold the office. If a party plaintiff alleges that he is entitled to the office, the court may decide which of the parties is entitled to hold the office."

section that a "constitutional amendment, question, or proposition" must have been submitted to the voters. It seems incongruous to us that a person who happens to be elected in an election wherein a question, proposition, etc., is submitted to the voters is protected from attacks by *quo warranto* after 30 days while candidates elected in an election wherein no such questions or propositions are on the ballot are subject to challenge for a longer period. *People, ex rel. Wexford County Prosecuting Attorney,* v. *Kearney* (1956), 345 Mich 680. In conclusion, we hold that § 4545 is not applicable to *quo warranto* actions to try title to a particular office.

In view of the fact of our decision today, the only remaining question is what, if any, is the applicable statute of limitations. This is a matter of some difficulty since on the one hand, no statute sets forth a specific limitation while, on the other hand, no case decides the applicability of the "catch-all" statute of limitations.[4] The only case we have found which discusses the problem is *Sobocinski* v. *Quinn* (1951), 330 Mich 386 (26 ALR2d 824). There, the plaintiff sought to oust the Bailiff of Common Pleas Court for the City of Detroit from office eight years after his appointment thereto. The defenses interposed by the bailiff were: 1. laches; 2. the general, six-year statute. Reasoning by analogy to *mandamus* (another extraordinary remedy), the court held that the doctrine of laches was applicable to *quo warranto* actions and was a bar to the plaintiff's case. It is significant that the court expressly refused to rest its decision on the basis of the general statute. We, too, are not faced with having to decide the applicability of the general statute, since the delay in our case is at most 40 days. Consequently, we

---

[4] MCLA § 600.5813 (Stat Ann 1962 Rev § 27A.5813).

merely note that it is doubtful that the statute is controlling.[5]

In the absence, then, of a clear mandate from the legislature setting a limitation, we hold that in cases where, as here, an action for *quo warranto* is brought by a private individual within six years of the election, the rule to be applied is whether the action is commenced within a reasonable time taking into account the excuse for delay, the probable harm to the defendant and the detriment to the public. This rule is an attempt to balance the interests of the public in knowing who are their legally-constituted officials and the interests of orderly government in not being subjected to serious, unexpected interruptions. The rule we adopt today has support in *Sobocinski, supra,* and in many cases from other jurisdictions.[6] In fact, one of the earliest Michigan cases dealing with *quo warranto* actions reaches a similar result. In *People, ex rel. Platt,* v. *Oakland County Bank* (1844), 1 Doug (Mich) 282, 286, the Court said:

"Although there is no statute limiting the time within which proceedings of this nature shall be instituted, yet the Court of King's Bench, in England, has exercised a sound discretion in this respect, and refused to permit informations to be filed, at the instance of private individuals, if there has been unreasonable delay in invoking its extraordinary interposition. When the information is filed by the attorney-general, which may be done without a preliminary application to the court, that discretion will be exercised upon the hearing of the cause.

---

[5] A review of the cases from other jurisdictions indicates that it is quite common that general statutes of limitations do not apply to *quo warranto* actions. Nor is it unusual that a state have no statute of limitations at all for *quo warranto* actions. See generally 26 ALR 2d 828.

[6] See 26 ALR2d 828 and cases cited therein.

This rule we think not only salutary, but reasonable; and it is to be applied to cases as they arise, according to circumstances, until the legislature (as in England) shall deem it proper to prescribe some uniform rule on the subject."

We fully agree with the spirit of this pronouncement. Applying this test to the case at bar, we do not find that the 40-day delay was unreasonable. In the light of the foregoing, the judgment in favor of Donald Doty must be reversed and the cause remanded for proceedings consistent with this opinion.

We come now to the question of whether the trial court properly granted summary judgment in favor of defendant LaBeau. The defendant moved for summary judgment under GCR 1963, 117.2, on the grounds that plaintiff failed to state a claim upon which relief could be granted and on the grounds that there was no material issue of fact. The court rule provides that the moving party may, but need not, submit affidavits. *Durant* v. *Stahlin* (1965), 375 Mich 628, Here the defendant chose to submit an affidavit declaring that he does not have possession of the canvass bag of the election in question. He further contends that he performs only ministerial functions as Clerk for the Board of Canvassers and the county and thus has no capacity to make any decisions with respect to counting the ballots, ruling on their validity or affecting the outcome of the election.

The plaintiff cites no law, and we have been unable to find any, which would support this contention that defendant LaBeau is a proper party to this action. The trial court's grant of summary judgment was proper since plaintiff failed to state a claim against defendant LaBeau upon which any relief could be granted.

Reversed and remanded as to Doty; affirmed as to LaBeau. A public question being involved, no costs are awarded.

All concurred.