## WAYNE COUNTY REPUBLICAN COMMITTEE v WAYNE COUNTY BOARD OF COMMISSIONERS

1. STATUTES—AMBIGUITY—CONSTRUCTION OF STATUTES.

A statute is open to judicial construction where the language used is ambiguous, or susceptible to two or more constructions.

2. STATUTES—AMBIGUITY—CONSTRUCTION OF STATUTES.

Courts may take cognizance of facts or events surrounding the passage and purpose of legislation where judicial construction of the legislation is desired because of ambiguous language in the legislation.

3. STATUTES—AMBIGUITY—CONSTRUCTION OF STATUTES—LEGISLATIVE HISTORY.

Courts may refer to the history of the legislation, and the history of any amendatory legislation, including consideration of possible substitute bills, in order to determine the current legislative intent where judicial construction of the legislation is necessitated by ambiguity in the legislation.

4. STATUTES—AMBIGUITY—ATTORNEY GENERAL'S OPINIONS—CONSTRUCTION OF STATUTES.

An opinion written by the Attorney General may be used for analyzing the proper construction to be given ambiguous language in a statute.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 194 *et seq.*
[2, 3] 29 Am Jur 2d, Evidence § 28.
 73 Am Jur 2d, Statutes §§ 150, 151, 170, 192.
[4] 73 Am Jur 2d, Statutes § 164.
[5, 7] 26 Am Jur 2d, Elections §§ 3, 185, 186.
 63 Am Jur 2d, Public Officers and Employees § 128.
 Election within contemplation of constitutional or statutory provisions relating to filling vacancy in public office occurring before expiration of regular term. 132 ALR 574.
[6] 25 Am Jur 2d, Elections § 127.
[7] 63 Am Jur 2d, Public Officers and Employees § 222 *et seq.*
[8] No reference.

5. ELECTIONS—SPECIAL ELECTIONS—COUNTIES—STATUTES.

A special election cannot be ordered to fill a vacancy on a county board of commissioners within 180 days of the end of the term, where the statute which provides for such elections precludes the ordering of a special election within 180 days of the end of the term of the office to be filled (MCLA 46.412; MSA 5.359[12]).

6. QUO WARRANTO—TITLE OF OFFICES.

Quo warranto is the proper remedy to try title to office finally and conclusively.

7. COURTS—OFFICE HOLDERS—REMOVAL FROM OFFICE.

Courts must order the removal from office of those found to be holding office contrary to the law.

8. COUNTIES—OFFICERS—BOARD OF COMMISSIONERS—LEGALITY OF ACTS.

The legality of actions by a county board of commissioners, upon which some members are improperly sitting, is not affected where there are no allegations of improprieties or charges of unfaithful performance of duties.

Appeal from Wayne, Victor J. Baum, J. Submitted August 4, 1976, at Lansing. (Docket No. 28233.) Decided August 20, 1976.

Complaint for mandamus and quo warranto by the Wayne County Republican Committee against the Wayne County Board of Commissioners and three members of the board, John Korney, Thomas Presnell, and John Trellay, seeking a special election of board members and the removal of the individual defendants from their offices as members of the board. Judgment for defendants. Plaintiff appeals. Reversed; the individual defendants ordered removed from office, but special election denied.

*Christy, Robbins & Gantz*, for plaintiff.

*Aloysius J. Suchy*, Corporation Counsel, *George H. Cross*, Chief Assistant Corporation Counsel, and *David R. Kaplan* and *Samuel J. Torina*, Assistants

Corporation Counsel, for defendant Wayne County Board of Commissioners.

*Gregory, Van Lopik & Higle* (by *James M. Moore*), for defendant John Korney.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

D. E. HOLBROOK, P. J. Plaintiff appeals as of right from the order of the circuit court denying a requested relief of mandamus and quo warranto and dismissing the case against the individual defendants and defendant County Board of Commissioners. Plaintiff sought by this action filed on February 23, 1976, to force a special election and to remove the individual defendants from their offices as members of the Wayne County Board of Commissioners. The defendants had been appointed by the board to vacancies on the board, apparently pursuant to MCLA 46.412; MSA 5.359(12). Defendant Korney was appointed in April 1975, defendant Presnell was appointed on January 22, 1976, and defendant Trellay was appointed on January 29, 1976. At no time did the board request the County Election Committee to hold a special election, which plaintiff maintained was required, to fill these vacancies. The basis of the dispute is the statutory provision providing for the filling of vacancies on the board. The terms of office to which defendants were appointed expire on December 31, 1976. As of this date, the primary has already passed for the next term of office for these positions, and the general election lies immediately ahead. Furthermore, the statute expressly provides that no special election shall occur within 180 days prior to the expiration of a term of office.

MCLA 46.412; MSA 5.359(12). This is one of the provisions of the statute that is clear.

## I

Recently in *Arlee v Wayne County Sheriff,* 55 Mich App 340; 222 NW2d 233 (1974), our Court was faced with a similar problem. Although it recognized that the issue of whether pretrial detainees were entitled to vote in the 1972 election was technically moot, the Court in their 1974 decision felt required to render an opinion on the merits due to the importance of the issue, even though such opinion was subject to being construed in the form of a declaratory judgment. Similarly, we feel compelled to address the question raised by this dispute. Certainly the question may well rise again and the statute has not been previously interpreted by our Court. The question involves an important right[1]—the right, provided by statute, of citizens to vote for elected officials and to be served by those elected. Our Supreme Court noted that: "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live". *Wilkins v Ann Arbor City Clerk,* 385 Mich 670, 681; 189 NW2d 423, 427 (1971) (quoting *Wesberry v Sanders,* 376 US 1, 17, 18; 84 S Ct 526; 11 L Ed 2d 481 [1964]). We feel the Legislature has

[1] In *Brennan v Haines,* 455 F2d 943 (CA 3, 1972), the Third Circuit Court of Appeals held that denying the electorate the opportunity to vote to fill a vacancy in a state government position does not involve a denial of a constitutional right. The Court expressly stated that the right of a specific electorate to vote for state government officials does not *of itself* establish in that same electorate the right to fill the position in the event of interim vacancies. *Brennan* at 945. We need not decide if this is so under the constitution and laws of Michigan. The Legislature has provided for the method of filling vacancies. It is our duty to ascertain what the Legislature has provided for and see that the legislative direction is complied with.

enacted a statute to protect this right of the people, and it is our duty to clarify this statute and resolve this dispute, both for present and future consideration. We feel the question is of sufficient importance to warrant our consideration. *Milford v People's Community Hospital Authority,* 380 Mich 49; 155 NW2d 835 (1968), *Lafayette Dramatic Productions, Inc v Ferentz,* 305 Mich 193; 9 NW2d 57 (1943). Although we cannot grant the mandamus relief of ordering a special election which this case particularly calls for, the requested quo warranto relief causes this action not to be considered moot by any test.

## II

MCLA 46.412; MSA 5.359(12), the statute in question, reads:

"When a vacancy occurs in the office of commissioner by death, resignation, removal from the district or removal from office, the vacancy shall be filled by appointment within 30 days by the county board of commissioners of a resident and registered voter of that district. The person so appointed *shall serve until the vacancy is filled at a special election* called by the county board of commissioners or for the unexpired term of office. A special election to fill the vacancy *shall not* be held less than 180 days prior to the expiration of a term of office." (Emphasis supplied.)

The trial judge held that the statute on its face clearly granted the board an option to fill vacancies by appointment for the unexpired term or by having a special election. Therefore, the court refused to look at legislative history and dismissed the case, finding that the board had acted prop-

erly. However, in 1973 the Attorney General had issued an opinion[2] finding directly the opposite, which the trial court had been made aware of. The Attorney General, we feel, correctly interpreted the statutory language as allowing an appointment for the duration of the unexpired term only where the unexpired term of the office is less than the 180-day period proscribed by the statute prohibiting a special election.

A statute is open to judicial construction where the language used is ambiguous, or susceptible to two or more constructions. *City of Lansing v Twp of Lansing,* 356 Mich 641, 649; 97 NW2d 804, 808–809 (1959). We also feel that courts do not exist in a vacuum. They may take cognizance of facts and events surrounding the passage and purpose of legislation. *Wilkins, supra.* Although the trial court felt that the statute created an option unambiguously, we do not agree. The trial court's interpretation may be a viable one, but it is not so logically compelled by the language of the statute as to render the statute unambiguous. The second sentence merely states the possibility of alternative terms of office, it does not indicate the contingencies which will trigger the operation of one or the other alternative. Where ambiguity exists, courts may refer to the history of the legislation, and the history of any amendatory legislation, including consideration of possible substitute bills, in order to determine the current legislative intent. *Kizer v Livingston County Board of Commissioners,* 38 Mich App 239; 195 NW2d 884 (1972).

The Attorney General's opinion will, in essence, be adopted by us as a proper guideline for analyzing the proper construction of this statute. After a

[2] OAG, 1973–1974, p 233 (May 3, 1973).

complete and exhaustive description of the legislative history[3] the Attorney General concluded:

"Had the legislature intended that the issue of whether or not to call a special election to fill the unexpired portion of a term was solely within the discretion of a board of commissioners, it is reasonable to expect that the first Senate substitute bill summarized above would have been adopted.

"It is significant to note that in arriving at the final decision to pass House Bill 5716 without amendments the legislature had the opportunity to consider, and rejected, proposals to make the vacancy filling process wholly appointive (Byker amendments proposed February 11), or wholly appointive and mixed appointive-elective in the board of commissioners' discretion (first Senate substitute of February 8, 1972) and either mandatorily [elective or mandatorily] appointive depending upon the date during the term of office on which the vacancy occurred (second Senate substitute of February 21).

"In view of the foregoing legislative history we are of the opinion that the language in 1966 PA 261, § 12, as last amended, to the effect that an appointee may serve until the vacancy is filled at a special election or for the unexpired term of the office simply means that the appointee may continue in office until the expiration of the term to which he is appointed where a special election may not be held by reason of the prohibitory language contained in the final sentence of amended § 12 precluding the holding of a special election within 180 days of the expiration of the term of office. Unless prohibited from doing so by the final sentence of § 12, the county board of commissioners must call a special election to fill the unexpired portion of the term and any person appointed may not serve beyond such special election."

We believe this is the proper construction of the statute and therefore conclude that although ap-

---

[3] *Ibid.*

pointment in the first instance was proper, the failure to call a special election within a reasonable time[4] rendered their continuation in office contrary to law.

## III

We are now faced with the task of determining what remedy shall be granted and what, if any, effect the appointments have had.

It appears that we are limited in the remedy we can grant. The terms of office of the entire board expire on December 31, 1976. Since MCLA 46.412; MSA 5.359(12), precludes ordering a special election within 180 days of the end of the term of office, we cannot require the order of a special election. Therefore, relief in the nature of mandamus is not possible. However, quo warranto is the proper remedy to try title to office finally and conclusively. *Layle v Adjutant General of Michigan,* 384 Mich 638, 641; 186 NW2d 559, 560 (1971), *Attorney General, ex rel Cook v Burhans,* 304 Mich 108; 7 NW2d 370 (1942), *Stokes v Clerk of the Monroe County Canvassers,* 29 Mich App 80; 184 NW2d 746 (1970). Where one has been found to be holding office contrary to law, courts must order their removal from office. *Burhans, supra,* at 111; 7 NW2d at 371. Therefore, we have no choice but to declare that in this instance these commissioners hold title to their offices in violation of MCLA 46.412; MSA 5.359(12), because a special

---

[4] We need not decide exactly what is a reasonable time and decline to do so. We do recognize that in this instance a reasonable time was clearly exceeded. Defendant Korney had been in office for almost a year when the action to compel a special election was filed. Defendants Presnell and Trellay had been in office for a month prior to the filing of this action and apparently no steps had been taken to begin to provide for a special election. All defendants will have served many months by the date of this decision, a period far in excess of what is reasonable.

election was not called within a reasonable time as required by the statute. Unfortunately, this will create a three-member vacancy on the board. We do note that there are no allegations of improprieties and no indication that any of the commissioners are not faithfully performing their duties. Therefore, we also rule the appointees have not affected the legality of the board's actions during the time that the appointees were improperly sitting on the board. *Wattles, ex rel Johnson v Upjohn,* 211 Mich 514, 539; 179 NW 335, 343 (1920). We conclude that the commissioners in this instance hold office contrary to MCLA 46.412; MSA 5.359(12). Due to the improper interpretation by the trial court and the subsequent delay, we are unable to grant practical and constructive relief in the nature of a special election. However, we are required to declare that these offices are being held contrary to law and we order removal of these commissioners from office. No costs, a public question being involved.