ATTORNEY GENERAL v CLINTON COUNTY DRAIN
COMMISSIONER

Docket No. 78-3116. Submitted May 8, 1979, at Lansing.—Decided
August 7, 1979. Leave to appeal applied for.

The Attorney General and the Department of Natural Resources
brought an action against the Clinton County Drain Commis-
sioner seeking an injunction in connection with a drain project.
The plaintiffs alleged that the project violated certain provi-
sions of the Environmental Protection Act. The Clinton Circuit
Court, James L. Banks, J., dismissed the complaint for lack of
jurisdiction. Plaintiffs appeal. *Held:*

The plaintiffs may properly bring an action in circuit court
under the Environmental Protection Act. It is not necessary
that they first exhaust their remedies under the Drain Code or
the Soil Erosion and Sedimentation Control Act.

Reversed and remanded.

DRAINS — HEALTH AND ENVIRONMENT — ENVIRONMENTAL PROTEC-
TION ACT — STATUTES — EXHAUSTION OF REMEDIES.

An action against a drain commissioner seeking injunctive relief
for alleged violations of the Michigan Environmental Protec-
tion Act may be brought in circuit court without first exhaust-
ing the remedies which are provided in the Drain Code and the
Soil Erosion and Sedimentation Control Act (MCL 691.1202[1],
691.1204[1]; MSA 14.528[202][1], 14.528[294][1]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Frank J. Pipp*
and *Terrence P. Grady,* Assistants Attorney Gen-
eral, for plaintiffs.

*Drillock, Atkins, Schrope & Marcus,* for defen-
dant.

REFERENCE FOR POINTS IN HEADNOTE
61 Am Jur 2d, Pollution Control § 155.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and G. W. CROCKETT, JR.,* JJ.

PER CURIAM. Plaintiffs appeal by right from the Clinton County Circuit Court's order of July 20, 1978, dismissing, on jurisdictional grounds, plaintiffs' complaint for injunctive relief. Plaintiffs' complaint alleges that a drain project undertaken by defendant in Stoney Creek in Clinton County violates certain provisions of the Environmental Protection Act of 1970, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.* (hereinafter referred to as the EPA).[1]

The defendant contends that plaintiffs must exhaust the remedies provided in the special drain enactments before the court can take jurisdiction under the EPA. This legislation consists of the Drain Code of 1956, MCL 280.1 *et seq.;* MSA 11.1001 *et seq.,* and the Soil Erosion and Sedimentation Control Act of 1972, MCL 282.101 *et seq.;* MSA 13.1820(1) *et seq.*

Section 2 of the EPA allows plaintiffs in the instant case to bring an action in the circuit court "for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction". MCL 691.1202(1); MSA 14.528(202)(1). Section 4, paragraph 1 of the act specifically provides that the circuit court "may grant temporary and permanent equitable relief, or may impose conditions on

---

* Former Recorder's Court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] It was disclosed in oral argument that while this drainage project has been completed, nevertheless, other similar ones are in planning stages. It can be argued that the work having been completed, the question is now moot. However, we consider this issue of sufficient importance that the question will be addressed. *Lafayette Dramatic Productions, Inc v Ferentz,* 305 Mich 193, 218; 9 NW2d 57 (1943), *Wayne County Republican Committee v Wayne County Board of Comm'rs,* 70 Mich App 620, 624; 247 NW2d 571 (1976).

the defendant that are required to protect the air, water and other natural resources or the public trust therein from pollution, impairment or destruction". MCL 691.1204(1); MSA 14.528(204)(1).

In *Ray v Mason County Drain Comm'r,* 393 Mich 294; 224 NW2d 883 (1975), our Supreme Court considered the kind of findings of fact required from a trial judge in deciding an action brought under the EPA. That suit involved a drainage project that had been approved under the Michigan Drain Code, *supra.* In its opinion, the Court considered the purpose of the EPA. The Court stated:

"But the EPA does more than give standing to the public and grant equitable powers to the circuit courts, it also imposes a duty on individuals and organizations both in the public and private sectors to prevent or minimize degradation of the environment which is caused or is likely to be caused by their activities." *Ray, supra,* at 306.

We conclude that plaintiffs are authorized to proceed in the circuit court under the express provisions of the EPA and, accordingly, we reverse and remand.